# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 1787 | **DATE** | OCTOBER 5, 2000 |
| **CASE TITLE** | | Lofton v. Lofton | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court has reviewed plaintiff's proposed third amended complaint and is satisfied that this suit is frivolous. As permitted by 28 U.S.C. § 1915(e)(2), it is dismissed with prejudice.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | OCT 10 2000 | | |
| | Notified counsel by telephone. | | date docketed | | |
| X | Docketing to mail notices. | | | | 48 |
| X | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |

EO-7
FILED FOR DOCKETING
00 OCT -5 PM 6: 21

OCT 10 2000
date mailed notice

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FANNI YVONNE LOFTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2000 C 1787 |
| | ) | |
| WILLIAM VERDIEST LOFTON, JR., | ) | Judge Blanche M. Manning |
| JOHN NORMENT LOFTON, | ) | |
| MARY LOFTON WILLIAMS, | ) | |
| JOYCE MANNE LOFTON, and | ) | |
| WILLIAM MANN LOFTON, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

OCT 1 0 2000

## MEMORANDUM OPINION AND ORDER

This *pro se* suit for copyright infringement was filed by Fanni Yvonne Lofton on March 23,
2000. The complaint alleged that the plaintiff had written a manuscript book, entitled *Anecdotes
Of A Pastoral Life -- Short Stories, Essays And Sayings From A Southern-Bred Black's Perspective*
(hereafter, "*Anecdotes*"), and that "sometime after 1994" the defendants, plaintiff's siblings, had
published "separate portions and also perhaps a book" copied from her manuscript. Plaintiff
declared that she had been indigent since 1995 and had been living in homeless shelters. The court
granted plaintiff leave to proceed in forma pauperis, and granted her motion for appointment of
counsel. Summons was returned by the U.S. Marshal unexecuted. Plaintiff's appointed attorney
was permitted to withdraw because of serious illness; because of the court's increasing doubts as
to the merits of this action, as elaborated below, another attorney was not appointed.

On April 14, 2000, the court dismissed the suit because it appeared that plaintiff had not
registered her manuscript with the Copyright Office as required by 17 U.S.C. § 411(a) as a
prerequisite of suit. *Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir. 2000). Plaintiff was given
until April 27, 2000, to address this deficiency.

Plaintiff responded to the dismissal with a series of increasingly bizarre motions. On April 20, 2000, plaintiff filed an "Ex Parte Motion To Vacate Order Dismissing Complaint And First Amended Complaint, And For Reinstatement Of Complaint And First Amended Complaint, And For Deferral Of Ruling On The Issue Of Subject Matter Jurisdiction." This motion listed corrections to be made in the original complaint, but, more importantly, it stated that on February 28, 2000, plaintiff had submitted her book for copyright registration and supplemented her application on March 1, 2000, with a "list of references." Plaintiff had asked for a waiver of the filing fee, stating that she had sent a memorandum to the Copyright Office explaining "in great detail the particulars of indigency which prevented proffer of the filing fee and the required, mandatory copy deposit." Plaintiff acknowledged in her motion that Copyright Office regulations do not provide for waiver of the filing fee; the Copyright Office returned her submission because the $30 fee had not been paid. Motion to Vacate Exh. C.

Before the court could rule on this motion, plaintiff filed, on April 24, 2000, a "Motion For Leave To File Listing Of Proposed Counts Of Second Amended Complaint Due April 27, 2000 Th." Rather than filing an amended complaint as the court had directed, plaintiff's motion asked the court to accept a list of the proposed claims she intended to make. The list began plausibly enough with "Count I," claims of theft and infringement of intellectual property. "Count II," however, alleged "Theft of Identity and Impersonation of Plaintiff." Count III proffered claims of "Theft of Services," subdivided into "Sexual," "Photographic/Pornographic" and "Sound Recordings." Count IV was to be a claim of "Breach of Implied Fiduciary Duty of Care." Count V can only be characterized as a florid manifestation of full-blown psychosis, proposing to charge plaintiff's siblings with sexual assault, sodomy, disfigurement, "pseudo-surgery (unscheduled lobotomies, etc.)," "causation of internal injuries by utilization of sophisticated weaponry and/or technology and/or non-scientific practices," as well as other bizarre forms of injury, including torture by "rack and pinion."

The same day, plaintiff filed a "Motion For Leave To File Chronology And Listing Of Pleadings And Relevant Documents Filed By Plaintiff Pro Se On Or After March 23, 2000," attaching two lists of "Business Ideas" (current and former) and copies of applications for membership in the National Association of Women Business Owners. Finally, on the day the amended complaint was due, April 27, 2000, plaintiff filed a motion for extension of time until May 2, 2000. The court granted this motion, and on May 2, 2000, plaintiff filed a "Second Amended Complaint," followed on May 4, 2000, by a "First Amended Complaint." While these were not without their bizarre allegations, they did not display the full scope of paranoid delusion shown in the "Motion For Leave To File Listing Of Proposed Counts."

In open court on May, 4, 2000, the court dismissed the first and second amended complaints without prejudice, and instructed plaintiff that all of her claims against all defendants had to be set forth in one, comprehensive complaint. Plaintiff was directed to file a third amended complaint by May 9, 2000.

Instead of a comprehensive and comprehensible complaint, on May 8, 2000, the court received another flurry of inconsistent motions.[1] Plaintiff filed a "Motion To Reinstate The Second Amended Complaint" and a "Motion For Extension Of Time For Filing The Third Amended Complaint."[2] But while indicating her intention to proceed in this court, on the same day she filed a "Motion For Leave To File Notice Of Appeal Under Prior Approval Exception For In Forma Pauperis Status," as well as a notice of appeal.[3] On May 9, 2000, unaware that a notice of appeal had been filed, the court denied plaintiff's previously filed motions and gave her until May 30, 2000, to file a proposed third amended complaint.

---

[1] It appears that some of them may have been filed with the clerk's office and some with the court's courtroom deputy clerk.

[2] Neither of these bear docket numbers, and apparently were filed in chambers.

[3] Because they bear a time stamp, these documents appear to have been filed in the clerk's office.

Plaintiff filed her third amended complaint on May 11, 2000. Under 28 U.S.C. § 1915(e)(2)(B), enacted as part of the Prison Litigation Reform Act of 1996, a district court is directed to dismiss a suit at any time if the court determines it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The provision is applicable to all suits, whether brought by prisoners or non-prisoners, and regardless of whether the plaintiff has paid the filing fee or is proceeding in forma pauperis. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). After reviewing the Third Amended Complaint, here referred to as the Complaint, the court has determined that it fails to state a claim upon which relief may be granted and is frivolous.

## A. Failure To State A Claim.

In determining whether a complaint states a claim upon which relief can be granted as part of its review under 28 U.S.C. § 1915(e)(2), the court applies the same standards it would in ruling on a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P. Allegations of fact are taken as true, and all reasonable inferences are drawn in the plaintiff's favor. *Henderson v. Sheahan*, 196 F.3d 839, 845; *Swofford*, 969 F.2d at 549. A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Nevertheless, a plaintiff can plead him or herself out of court by pleading facts that undermine the allegations of the complaint. *Henderson*, 196 F.3d at 846.[4/]

It is clear from the Complaint that plaintiff has not obtained a registration of her claimed copyright. Plaintiff states that after her first application was returned by the Copyright Office for non-payment of the filing fee, she sent a second application on April 27, 2000, with a cashier's

---

[4/] By attempting to incorporate by reference all allegations made in each of her three preceding complaints, Cmplt. ¶¶ 2-4, plaintiff has blatantly disregarded the court's instructions to include all allegations upon which she bases her claims in a single filing. In ruling on a motion to dismiss a *pro se* complaint, and by analogy in reviewing one under 28 U.S.C. § 1915(e)(2), the court normally considers all documents filed with the court. *Hughes v. Rowe*, 449 U.S. 5, 10 n.8 (1980); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Nevertheless, once the court has made clear that all allegations must be put in an amended complaint, the plaintiff may not disregard the court's directions and again require the court to search through multiple documents.

check for $30. However, she alleges that she attached continuation sheets seeking registration of two additional works in addition to *Anecdotes*: *Park Diary: The Best Thoughts Come From Silence* and *Miss Fanni's Famous Favorite Recipes: The Beginning Cook's Southern-Style Cookbook For Sophisticated Beginning Cooks (Of All Ages)*. Cmplt. ¶ 11-12. (The Complaint adds allegations of infringement of plaintiff's copyright in these additional works.) Plaintiff did not allege payment of the registration fees for two additional works.

The Complaint does not state what disposition the Copyright Office has made of this second application, which is unsurprising since the Complaint was filed May 11, 2000, approximately two weeks after the registration application was mailed. It is clear from the Complaint that neither at the time of the commencement of this action nor at the time of the filing of the Complaint did plaintiff hold a copyright registration for any of the allegedly infringed works.

As stated above, 17 U.S.C. § 411(a) makes copyright registration a prerequisite for bringing a copyright claim in federal court:

§ 411. Registration and infringement actions

(a) Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

Plaintiff alleges that she gave the Copyright Office notice of this suit, apparently believing that the refusal of registration excused the registration requirement. She overlooks the requirement that "the deposit, application, and fee required for registration" must have been "delivered to the Copyright Office in proper form" before this exception applies. Plaintiff acknowledges that her first application was refused because she did not submit the registration fee. She also admits not providing the required deposit, which in the case of an unpublished work is a complete copy of the

work for which copyright is claimed. 17 U.S.C. § 408(b)(1). So the rejection of her first application by he Copyright Office does not permit plaintiff to invoke this exception.

The second application did not meet these conditions, either. Plaintiff alleges she proffered only one application fee to register three works, and did not provide the required deposit copies of any of them, but sought discretionary relief from the Copyright Office. Cmplt. ¶12. In any event, she filed the Complaint before the Copyright Office had refused her second application.

Some courts, although understanding § 411 as making registration a jurisdictional prerequisite, have permitted a plaintiff to amend the complaint to allege registration of the copyright if the plaintiff received a certificate of registration before the court ruled on a motion to dismiss the suit. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990); *International Kitchen Exhaust Cleaning Association v. Power Washers of North America*, 81 F.Supp.2d 70 (D.D.C. 2000); *ISC-Bunker Ramo Corp. v. Altech, Inc*, 765 F.Supp. 1308 (N.D. Ill. 1990 (Marovich, J.); *Demetriades v. Kaufmann*, 680 F.Supp. 658, 661 (S.D.N.Y. 1988), *but see Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000)(amended complaint would not relate back when plaintiff could not have sued on unregistered copyright at time of initial complaint). In such cases, when the defect existing at the time of filing is brought to the court's attention only after plaintiff has cured it by registering the copyright, it makes sense for the court to overlook the defect rather than require the plaintiff to refile. Here, however, the court *sua sponte* identified the defect at the commencement of the suit and it has not been cured.

Other courts have not regarded registration as jurisdictional, but have permitted an infringement action to proceed upon a showing that the plaintiff's application, deposit and fee payment have been received by the Copyright Office. *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991); *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984); *Wilson v. Mr. Tee's*, 855 F.Supp. 679, 682; *Tang v. Hwang*, 799 F.Supp. 499, 502-03 (E.D.Pa. 1992); *Secure Services Technology, Inc. v. Time and Space Processing, Inc.*, 722 F.Supp. 1354, 1364

(E.D.Va. 1989). This is in tension with the statutory scheme, which contemplates that the Copyright Office will initially rule on copyrightability. *See Goebel v. Manis*, 39 F.Supp.2d 1318, 1320 (D. Kan. 1999) ("[w]hile the court favors the approach of *Apple Barrel*, the plain language of the statute controls. This court is not in a position to prejudge the determination to be made by the Copyright Office").

This court need not decide the question, because plaintiff has not met even the liberal prerequisite of *Lakedreams* and *Apple Barrel*. The Copyright Office has not received the appropriate application, deposit and registration fee for the registration of the allegedly infringed works. Accordingly, the allegations of the complaint do not state a claim upon which relief may be granted.

## B. Frivolousness

The court additionally finds the suit to be frivolous, another ground for dismissal under 28 U.S.C. § 1915(e)(2)(B). A suit is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While the Complaint has a basis in law, the court is convinced that plaintiff's assertion that defendants have copied and published her works has no basis in fact.

The Supreme Court has held that the former 28 U.S.C. § 1915(d), the predecessor of 28 U.S.C. § 1915(e), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327-28. In *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Court elaborated, stating that a complaint is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

judicially noticeable facts available to contradict them." The Court cautioned, however, that an in forma pauperis complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely. *Id.*

Plaintiff's assertion that the defendants have published her manuscripts is not only highly unlikely, it is delusional. Plaintiff's filings acknowledge her history of psychiatric hospitalization. Her illness is not confined to the past; her filings in this case evidence delusions of grandeur and persecution, in particular, gross delusions regarding the defendants' treatment of her. Of course, mentally ill persons suffer real wrongs and are entitled to all the remedies the law provides. Nevertheless, where it is evident that a lawsuit is the product of delusion, the court should not permit itself to be used as a vehicle of that delusion to inflict harm on innocent defendants.

The Complaint itself, while lacking the florid psychotic quality of some of plaintiff's other submissions, nevertheless contains bizarre inclusions. It makes repeated references to plaintiff's citizenship[5], and the reader is struck by the offhand mention of plaintiff's short story that was plagiarized [by whom?] "for over thirty-three (33) thousand dollars." Cmplt. ¶6.

Most striking is the lack of any allegation reflecting how plaintiff came to learn of the supposed infringement, or what the infringing publications might be. Plaintiff alleges that "sometime after September, 1995 ... Defendants infringed the above-mentioned copyright by publishing and placing on the market, both in the United States and several foreign countries, a book or books whose titles Plaintiff has been unable to ascertain due to the likely utilization of anonymous and/or pseudonymous name registrations, altered titles and deleted selections, including a possible 'theft of identity' [?] registration using a name spelled similarly to that of the Plaintiff *pro se.*" Cmplt. ¶15. Plaintiff alleges that "upon Plaintiff's best information and belief,

---

[5] "Prior to sometime in May, 1994, Plaintiff, who was, and ever since has been, a citizen of the United States" (Cmplt. ¶7); "Prior to sometime in 1996, Plaintiff was, and ever since has been, a citizen of the United States" (Cmplt. ¶8); "Prior to the summer of 1999, Plaintiff was and ever since has been a citizen of the United States" (Cmplt. ¶9).

Defendants have been publishing, selling and otherwise marketing the three (3) books ...." Cmplt. ¶18.

In other words, the defendants have infringed plaintiff's copyright so cunningly she has not been able to determine what publications have infringed it. Plaintiff nowhere explains what "information" might underlie her "belief" that "defendants have been publishing, selling and otherwise marketing" her manuscript books. This vagueness is consistent with her previous complaints in this action, none of which named or described any allegedly infringing work or gave its date and place of publication.

The court acknowledges that federal "notice pleading" does not require specificity, and the court must accept conclusory allegations devoid of facts upon which the conclusions might rest, as long as they give the defendants adequate notice of the claim. *See Scott v. City of Chicago*, 195 F.3d 950, 951-52 (7th Cir. 1999); *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995). But here vagueness is not the problem, but a symptom: the vagueness of these allegations (in a rather verbose complaint), reinforce the court's conviction that plaintiff's assertion that the defendants published her works has no basis in reality. Plaintiff may actually believe that defendants have copied and published her book, but her filings in this case show that she is capable of believing the wholly unbelievable. The court accordingly finds this suit frivolous because the claim of infringement has no basis in fact.


## C. Dismissal With Prejudice

Dismissal for lack of registration would normally be without prejudice, as plaintiff might be able to obtain registration of her copyrights from the Copyright Office. Nevertheless, the court's finding that the allegations of infringement are delusional requires dismissal with prejudice.

The Supreme Court in *Denton* indicated that a finding of factual frivolousness under former 28 U.S.C. § 1915(d) only resulted in the denial of leave to proceed in forma pauperis, and

dismissal would be without prejudice to the filing of a paid complaint making the same allegations. *Denton*, 504 U.S. at 34. But the Seventh Circuit does not view § 1915(e)(2) as merely governing leave to proceed in forma pauperis; unlike the former § 1915(d), it applies to all suits, *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and gives district courts discretion to dismiss frivolous suits with prejudice. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

Dismissal with prejudice is appropriate in cases such as this, since the defect is incurable by amendment. Once the court is convinced that there is no factual basis for certain allegations essential to the complaint, additional allegations on that point will be unavailing, regardless of their verisimilitude. Only objective evidence sufficient to demonstrate a factual basis for the plaintiff's claims, not further allegations, could affect the court's conclusion.

The court sincerely hopes that the plaintiff will find the help she needs to make productive use of her talents. But whether or not plaintiff recognizes the nature of her condition, the court must do so, lest resources be spent in pursuing a delusion at the expense of innocent people. This suit is accordingly dismissed with prejudice.


IT IS SO ORDERED.


Blanche M. Manning, Judge
United States District Court

DATED: **OCT 05 2000**

# United States District Court
## Northern District of Illinois
### Eastern Division

Fanni Yvonne Lofton

v.

William Verdiest Lofton, Jr., et al

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 1787

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court has reviewed Plaintiff's proposed third amended complaint and is satisfied that this suit is frivolous. As permitted by 28 U.S.C. § 1915(e)(2), it is dismissed with prejudice.

Michael W. Dobbins, Clerk of Court

_Vernita K. Davis_

Vernita K. Davis, Deputy Clerk

Date: 10/5/2000